# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-1716-ACL |
| | ) | |
| DISTRICT COURT JUDGE UNKNOWN | ) | |
| DORR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER TO TRANSFER

Before the Court is self-represented Plaintiff Samuel Williams's complaint for violation of civil rights. Upon review, the Court finds that Plaintiff has brought this case in the wrong venue and transfers the case to the United States District Court for the Western District of Missouri.

Plaintiff brings this case against Judges Dorr and Kays of the Western District of Missouri; Judges Shepherd, Erickson, and Stras of the Eighth Circuit; and Missouri State Judges Brown, Mountjoy, and Holden. He alleges violations of his civil rights under 42 U.S.C. § 1983 and claims he was deprived of equal protection. His claims arise from his 2007 arrest and subsequent criminal trial which took place in Greene County, Missouri, in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is

situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Furthermore, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Here, Plaintiff's claims arise entirely from events which occurred in Greene County, Missouri, in the Western District of Missouri. Plaintiff has alleged no basis for venue in this Court. Therefore, the Court concludes that transferring this case to the United States District Court for the Western District of Missouri for all further proceedings is in the interest of justice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **provisionally granted**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED without prejudice**. Plaintiff may renew his motion in the United States District Court for the Western District of Missouri if he so chooses.

So ordered this 24th day of March 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

2